**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRAHEEM H. MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOEL BERNHARD, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 23-1135 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Braheem H. Miller's complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that Plaintiff has shown his entitlement to proceed without prepayment of fees, and he shall therefore be granted *in forma pauperis* status. As Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint without prejudice.

**I.　　BACKGROUND**

　　Plaintiff is a convicted state prisoner currently confined in New Jersey State Prison. (ECF No. 1 at 1.) In June 2021, Plaintiff reported to the dental department of the prison complaining of tooth pain, which the department determined to be from an impacted tooth which needed to be removed. (*Id.* at 4.) On July 20, 2021, Defendant Saglimbere numbed Plaintiff's mouth with a

needle and then extracted the tooth, although the state of the tooth made the removal difficult. (*Id.*) Saglimbere then stitched up Plaintiff's cavity, although the stitches later fell out in Plaintiff's cell unit. (*Id.* at 4-5.)

Following the procedure, Plaintiff's tongue was numb, which caused him some difficulties with eating. (*Id.*) Plaintiff raised the issue to the medical department, but was told in July 2021 that numbness was a common result of the surgery Plaintiff underwent and would most likely eventually resolve itself. (*Id.*) Plaintiff was given treatment for swelling and pain at that time. (*Id.*) Plaintiff continued to complain, and in September 2021 was seen again by Saglimbere, who noted the numbness in half of Plaintiff's tongue, and referred him for evaluation and treatment at University Hospital. (*Id.* at 6.) Plaintiff ultimately received surgery on his tongue in April 2022 from Dr. Ziccardi, who noted that Plaintiff had not recovered from tongue numbness which suggested an injury to the right lingual nerve. (*Id.* at 6.) Based on these events, Plaintiff believes that the dentists and doctors who treated him prior to the surgery were deliberately indifferent to his dental/medical needs.

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his current complaint, Plaintiff seeks to raise a claim of deliberate indifference to his medical needs in violation of the Eighth Amendment against several dentists and medical figures for an injury to his right lingual nerve that apparently occurred during a tooth extraction. To plead

3

a viable claim for deliberate indifference to medical needs, a plaintiff must plead facts indicating that the defendants were deliberately indifferent to his medical needs, in this case his dental needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead facts which indicate that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. County of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Here, Plaintiff alleges facts indicating that he had a tooth injury, which Defendants treated by removing his tooth. Although the removal was difficult, that injury was clearly treated. The tooth removal apparently resulted in injury to Plaintiff's right lingual nerve. Although Plaintiff is clearly unhappy with the slow course of treatment he received for his tongue numbness, he was

4

seen for the issue, treated for symptoms, and told the issue would most likely resolve itself. When the issue did not resolve itself, he was referred for and received surgery. These facts, taken together, do not amount to deliberate indifference. Nothing Plaintiff has pled indicates that Defendants did not treat his symptoms or seek to resolve them, and Defendants clearly adjusted treatment when the symptoms did not resolve. Although Plaintiff may argue that the dentist may have initially been negligent in the way he removed the tooth,[1] resulting in the injury to his lingual nerve, negligence is insufficient to establish a basis for relief in a civil rights matter. *See King*, 302 F. App'x at 96. Plaintiff's complaint must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent he believes Defendants were negligent in treating him, Plaintiff is free to file a dental malpractice complaint in state court.